# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VANESSA FONTENOT, ET AL.** | **CIVIL ACTION NO. 6:15-2150** |
| **VERSUS** | **JUDGE HICKS** |
| **WAYNE MELANCON, ET AL.** | **MAGISTRATE JUDGE HANNA** |

## <u>REPORT AND RECOMMENDATION</u>

Pending before the Court are the Motion to Dismiss filed on behalf of the Rayne Police Department ("RPD"), City of Rayne Police Sergeant Russell Buchanan ("Buchanon"), City of Rayne Chief of Police Carroll Stelly ("Stelly"), and City of Rayne Police Officers Matthew Scott (M. Scott"), Joey Thibodeaux ("Thibodeaux"), and Tyler Scott ("T. Scott") pursuant to Rules 12(b)(4), 12(b)(5) and 12(b)(6) for insufficiency of service of process and prescription, and the Motion to Dismiss filed on behalf of the Rayne Police Department pursuant to Rule 12(b)(2) on the grounds that it is not a juridical person and therefore it lacks capacity to be sued. [rec. docs. 11 and 12].  These motions were referred to the undersigned for report and recommendation. [rec. doc. 15].

Both motions were filed on  March 29, 2016.  The motions were set on the Court's May 24, 2016 motion calendar with oral argument, in accord with the Court's routine procedures for handling motions.  Under LR 7.5, opposition to a

motion must be filed within 21 days of service of the motion.   However, no opposition to either motion has been filed and the delay allowed for the filing of an opposition has expired.

For the following reasons, it is recommended that the motions [rec. docs. 11 and 12] be **GRANTED.**

## <u>FACTUAL BACKGROUND</u>

In her Complaint and First Amended Complaint, plaintiff Vanessa Fontenot ("Fontenot"), individually and on behalf of her minor children, AF, QF, MF and AF, assert that the defendants violated Fontenot's civil rights when they falsely arrested, battered, assaulted and kidnaped her on August 7, 2014. [*See* rec. docs. 1 and 7]. More specifically, Fontenot alleges that Officers M. Scott, Thobodeaux and T. Scott went to her home in search of Fontenot's sister, Rachel Fontenot.  After Fontenot advised that her sister was not in the home, and entry into the home was denied by Fontenot, the officers called their supervisor, Buchanon.  Fontenot advised Buchanon that her sister was not in the home and that she was locked out.  Buchanon "violently turned the doorknob attempting to gain entry."  As Fontenot was stepping off of her porch, Fontenot's sister pulled up to the home in a vehicle.  [rec. doc. 19, ¶ ¶ 13-15].

In response, Buchanon "violently" took Fontenot into custody, and placed her in handcuffs in the back seat of a police unit.  While her legs were dangling outside the unit, Buchanon slammed the door of the unit on her legs four or five times, and threatened her with mace.  He then grabbed a nightstick and beat plaintiff on her legs.  Once fully in the car, he attempted to force Fontenot's mouth open with the nightstick to shove it down her throat.  When Fontenot refused to open her mouth Buchanon dug his knee into Fontenot's side and sprayed her with mace, and beat Fontenot's handcuffed hands with the nightstick.  Fontenot alleges that "[a]ll charges were ultimately dismissed. " [*Id.* at ¶¶16-18].  Fontenot's minor children allegedly witnessed these actions. [*Id.* at ¶19].

## PROCEDURAL BACKGROUND

On August 6, 2015, counsel for Fontenot filed the instant action.  In the original Complaint, Fontenot named Acadia Parish Sheriff Wayne Melancon, Buchanon, who was alleged to have been a Sheriff's Deputy employed by the Acadia Parish Sheriff's Department, and two unidentified Sheriff Deputies, likewise employed by the Acadia Parish Sheriff's Department. [rec. doc. 1, ¶¶7-10]. All were alleged to have been "acting for and on behalf of their employer [the] Acadia Parish Sheriff's Department." [rec. doc. 1, ¶ 11].

Summons were issued by the Clerk for Melancon, Buchanon and two unidentified Sheriff's Deputies, "Unknown ASPO 1" and "Unknown ASPO 2", on August 6, 2015. [rec. doc. 2]. Proof of service was not filed in the record.

On January 11, 2016, the Clerk issued a Notice of Intent to Dismiss the lawsuit for failure to prosecute under LR 41.3 because plaintiff had not served the summons and complaint within 120 days of the institution of the action.  The Clerk instructed that if plaintiff felt there was "good cause" for the failure, a motion for extension of time to effect service could be filed within 14 days. [rec. doc. 3].

In response, that same day, plaintiff filed a Waiver of Service form.  That form indicates that on September 18, 2015, attorney H. Edward Barousse, III, of Barousse and Craton in Crowley, Louisiana, purported to waive service on behalf of "all defendants."  Mr. Barousse routinely represents the Acadia Parish Sheriffs' Office. An answer or motion under Rule 12 was to be filed within 60 days of September 4, 2016, i.e. on or before November 3, 2016.  [rec. doc. 4].  No answer or other responsive pleadings were filed by Mr. Barousse on behalf of any defendant.

On January 19, 2016, counsel filed a Motion to Amend Fontenot's Complaint, changing the caption of the lawsuit to add the City of Rayne Police Department and substituting Acadia Parish Sheriff Wayne Melancon for City of Rayne Chief of Police Stelly. [rec. doc. 7, ¶ 7].  In the  Amended Complaint, Fontenot also changed

the alleged employer of Buchanon to the Rayne Police Department and substituted M. Scott, Thibodeaux and T. Scott purportedly in place of the unidentified sheriff deputies, alleging that they likewise were employed by the Rayne Police Department, not the Acadia Parish Sheriff Department. [rec. doc. 7, ¶ ¶ 8-11]. Moreover, Fontenot changed the individual defendants' employment status in a separate paragraph, alleging that at the time of the incident each had been "acting for and on behalf of their employer [the] Rayne Police Department...." [rec. doc. 7, ¶ 12].

Summons were issued by the Clerk for Stelly, M. Scott, Thibodeaux and T. Scott on January 21, 2016. [rec. doc. 8]. Thereafter, on March 2, 2016, Fontenot's counsel requested issuance of summons for Buchanon; on March 3, 2016, the Clerk issued summons for Buchanon. [rec. doc. 10]. No returns or waivers of service appear in the record for the Rayne Police Department, Stelly, M. Scott, Thibodeaux or T. Scott . Buchanon has submitted his March 29, 2016 affidavit, attesting that he was not employed by the Acadia Parish Sheriff's Office on August 7, 2014 (the date of the incident) or anytime thereafter, including on August 6, 2015 (the date the original suit was filed) or September 18, 2015 (the date Mr. Barousse signed a waiver of service). Buchanon also attested that prior to the date he signed his affidavit, he had not been served with this lawsuit, he did not sign a waiver of service, he did not receive any notice of this lawsuit between August 7, 2014 and

December 7, 2015 (120 days after the filing of the lawsuit), and he did not engage Mr. Barousse to represent him in connection with this lawsuit or authorize Mr. Barousse to waive service on his behalf. [rec. doc. 11-2].

On April 7, 2016, Fontenot filed a Second Amended Complaint adding XYZ Insurance Company, the alleged insurer of the Rayne Police Department.

## LAW AND ANALYSIS

Buchanon requests that this action be dismissed without prejudice for lack of timely service.  More specifically, Buchanon argues that because plaintiff failed to serve him within 120 days of the filing of the original complaint, this case must be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m).

The record reflects that Fontenot failed to timely serve Buchanon in this action.  Under Rule 4(m), FRCP, the plaintiff had 120 days from the filing of this lawsuit to effect service on Buchanon.[1]  The original complaint was filed on August 6, 2015.  Accordingly, service was due on or before December 7, 2015.  The record does not demonstrate that Buchanon was properly served with the complaint on or

---

[1]At the time this action was filed, Rule 4(m) provided: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

The Rule has been amended effective December 1, 2015 to provide a 90 day period for effecting service.

before December 7, 2015.  Therefore, service was untimely under Rule 4(m).

Nevertheless, Rule 4(m) is not inflexible.  If good cause is present, the district court must extend the time for service; if good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Although the record contains an invalid waiver of service executed by Mr. Barousse purportedly on behalf of Buchanon, by affidavit, Buchanon has expressly disavowed having ever granted Mr. Barousse the authority to act on his behalf. Buchanon and the other defendants filed the instant contradictory motion to dismiss on March 29, 2016 asserting that Buchanon did not waive his right to service.  Under Local Rule 7.5, Fontenot  had 21 days to oppose the motions, i.e., until April 19, 2016.  The Court has waited well past that deadline, and still no opposition to the motions has been filed.  Thus, considering Buchanon's uncontroverted affidavit, the plaintiff has not shown "good cause" to excuse the delay or to extend the time for service.

While the rule also allows the Court to extend the time for service even when a plaintiff fails to show good cause for the delay, under the circumstances of this case, the Court declines to do so.  *See Thompson*, 91 F.3d at 21.  *See also Henderson v. U.S.*, 116 S.Ct 1638, 1643 (1996).  It is clear that when Fontenot filed her original

Complaint on August 6, 2015, Buchanon was erroneously alleged to have been an Acadia Parish Sheriff's Department employee.  Although responsive pleadings were due under the service waiver on or before November 3, 2016, when responsive pleadings were not forthcoming, plaintiff took no action.

It was not until over two months later, on January 19, 2016, 166 days after the original complaint was filed and over one month after the 120 day limitation for service had expired, that the plaintiff factually corrected her allegations by filing an Amended Complaint to allege Buchanon's correct employer, the City of Rayne Police Department.  Despite this knowledge, however, Fontenot did not request that summons be issued for Buchanon until over one month later, on March 2, 2016, 209 days after the filing of the original complaint.

For these reasons, Fontenot's suit against Buchanon should be dismissed without prejudice.

Further, with respect to the other individual defendants, Chief Stelly, and Officers M. Scott, Thobodeaux and T. Scott, it is undisputed that this lawsuit was never properly or timely served within the 90 day period set forth in Amended Rule 4(m).   None of these defendants were named in the original complaint.  Rather, they were named in Fontenot's Amended Complaint filed on January 20, 2016.  As of the date of this ruling, no proof of service or any waivers of service have been filed in

8

the record.   Moreover, the undisputed record evidence establishes that, despite having been provided with notice and ample opportunity to oppose the instant motion to dismiss,  as set forth more fully above,  plaintiff has failed to show just cause for his failure to provide service as required by Rule 4(m). Accordingly, the court concludes that dismissal is also proper under Federal Rule of Civil Procedure 4(m) as to these defendants.  *See Truxillo v. East Baton Rouge Sheriff's Office*, 2010 WL 3259372, *3 (M.D. La. 2010).

For these reasons, Fontenot's suit against  Chief Stelly, and Officers M. Scott, Thobodeaux and T. Scott should likewise be dismissed without prejudice.[2]

In its Motion to Dismiss [rec. doc. 4], the Rayne Police Department seeks dismissal because it is not a juridical person.  The Court agrees.  For a plaintiff to sue a city department, it must enjoy a legal existence separate from the city.  *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991).  Fed.R.Civ.Proc. 17 provides that parties must have the capacity to sue or be sued.  Article 24 of the Louisiana Civil Code provides in relevant part: "A juridical person is an entity to which the law attributes personality, such as a corporation or partnership."  La. Civ. Code art. 24.  *See Boudreaux v. Bourgeois,* 1999 WL 804080, *3 (E.D. La. 1999)

---

[2]Because the Court has recommended dismissal of this case under Rule 4(m), it is not necessary to reach the defendants prescription argument.

*citing Norwood v. City of Hammond*, 1999 WL 777713 at *2-3 (E.D. La. 1999).

The Court has found no law, Constitutional, statutory, or otherwise, that confers upon the RPD the authority to sue or be sued, or that entitles it to function independently of the City of Rayne. Thus, the Court concludes that the RPD is a department of the City of Rayne and not an individual, corporation, partnership, or unincorporated association; as such has no independent legal existence or the capacity to be sued. This Court has previously  so found.  *Thibodeaux v. City of Rayne,* 2014 WL 4181471, at fn. 4 (W.D. La. 2014).

In so concluding, the Court also observes that it is well established in this Court and a number of other jurisdictions that police departments do not have an existence separate from the city they serve, and are thus not separate legal entities capable of being sued.[3]  Thus, this Court and other federal courts have consistently dismissed § 1983 claims against entities, such as police departments which are not

---

[3]*See   Lavergne v. Lafayette City Police Dept.,* 2014 WL 931517, * 4 (W.D. La. 2014) (and cases cited therein) (Lafayette City Police Department not amenable to suit)*; Cormier v. Lafayette City Parish Consolidated Government,* 2011 WL 5156862 (W.D. La. 2011*); Darby,* 939 F.2d at 313 (under Texas law, police department in city organized under home rule charter may not be sued);  *Norwood,* 1999 WL 777713 at *2-3;  *Causey v. Parish of Tangipahoa*, 167 F. Supp.2d 898, 909 (E.D. La. 2001);  *Dunmars v. City of Chicago*, 22 F. Supp.2d 777, 780-81 (N.D. Ill.1998); *Cooper v. Parrish*, 20 F. Supp.2d 1204, 1211 (W.D. Tenn.1998), *aff'd in part, rvd and vacated in part on other grounds*, 203 F.3d 937 (6th Cir. 2000); *London v. Hamilton,* 1996 WL 942865 at *8 (W.D. N.C. 1996); *Boudreaux,* 1999 WL th 4080 at *3 (same).

amenable to suit in their own right.[4]

For these reasons, the RPD should be dismissed as a defendant in this lawsuit.

Based on the foregoing reasons, it is recommended that the Motions to Dismiss [rec. docs. 11 and 12] be **GRANTED** and  Fontenot's claims against the City of Rayne Police Sergeant Russell Buchanan, City of Rayne Chief of Police Carroll Stelly, and City of Rayne Police Officers Matthew Scott, Joey Thibodeaux, and Tyler Scott  be **DISMISSED WITHOUT PREJUDICE** and the Rayne Police Department be **DISMISSED WITH PREJUDICE** from this lawsuit.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time**

---

[4] *See  Cormier v. Lafayette City Parish Consolidated Government,* 2011 WL 5156862 (W.D. La. 2011); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (plaintiff's § 1983 claim against sheriff's department must be dismissed because sheriff's department was not suable entity). The Court in *Dean* noted that the "question here is not whether the Jefferson County Sheriff's Department is a 'person' for the purposes of liability under *Monell* and § 1983, but whether the Department is a legal entity subject to suit." *Dean*, 951 F.2d at 1214.

frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed May 13, 2016, at Lafayette, Louisiana.

_____

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**

12